# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JASON L. LOPEZ, BAR NO.

No. 73894

FILED

FEB 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Jason L. Lopez. Under this agreement, Lopez admitted to violating RPC 3.1 (meritorious claims and contentions), RPC 3.4 (fairness to opposing counsel), RPC 4.4 (respect for rights of third persons), and RPC 8.4(d) (misconduct—conduct prejudicial to the administration of justice). The agreement provides for a two-year suspension with all but six months and one day of the suspension stayed, compliance with certain terms during the two-year suspension, and payment of $2,500 in fees plus the actual costs of the disciplinary proceeding.

Lopez admitted to the facts and violations alleged in the complaint. The record therefore establishes that Lopez violated a temporary protection order on numerous occasions, he used the legal system to file claims to further harass the parties protected by the temporary

18-07191

protection order and their counsel, and he pursued claims that were already deemed to be meritless.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Lopez violated duties owed to the legal system and other duties owed as a legal professional. Lopez's mental state was with knowledge as he was told his claims lacked merit and continued to pursue them and he was served with the temporary protection order and continued to violate its terms. There was actual injury to the parties protected by the temporary protection order and their counsel, who needlessly had to litigate against Lopez, in addition to injury to the integrity and standing of the bar due to Lopez's abuse of the legal process. The panel found and the record supports four aggravating factors (pattern of misconduct, multiple offenses, vulnerability of victim, and substantial experience in the practice of law) and four mitigating factors (absence of prior disciplinary record, personal or emotional problems, full and free disclosure to disciplinary authority or cooperative attitude toward the proceeding, and imposition of other penalties or sanctions).

Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2016) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* at Standard 6.22 (providing that

suspension is appropriate when an attorney "knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding").[1] In light of the foregoing, we conclude that the agreed-upon two-year suspension is appropriate. The duration of the suspension along with the other conditions imposed are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Jason L. Lopez from the practice of law in Nevada for a period of two years, with all but the first six months and one day stayed, commencing from the date of this order. Additionally, during the two-year suspension, Lopez shall be required to continue the course of treatment recommended by his doctor and to not be found in violation of his vexatious litigant order or otherwise to have abused the legal process. Failure by Lopez to comply with these conditions will result in the immediate imposition of the remainder of the two-year suspension period. Lopez shall pay the actual costs of the disciplinary proceedings, plus fees in the amount of $2,500, within 30 days of the date of this order. SCR 120. Under SCR 115(7), Lopez has 15 days within which

---

[1]While Standard 6.22 particularly addresses the violation of a court order, 6.2 provides that the sanctions in that section "are generally appropriate in cases involving failure to . . . bring a meritorious claim" as well as cases involving a "failure to obey any obligation under the rules of a tribunal." *Compendium of Professional Responsibility Rules and Standards*, Standard 6.2. Thus, 6.22 applies to both the failure to raise meritorious claims and the failure to abide by the temporary protection order.

to wrap up or complete matters he is handling for existing clients. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____ , C.J.
Douglas

_____ , J.
Cherry

_____ , J.
Gibbons

_____ , J.
Pickering

_____ , J.
Hardesty

_____ J.
Parraguirre

_____ , J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
Lipson Neilson Cole Seltzer & Garin, P.C.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimber K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court